IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**SUZIE GAY GRONDAHL-MASCARI,**

    **Plaintiff,**

vs.                                                                 Case No. 4:07cv504-RH/WCS

**AKERMAN SENTERFITT,**

    **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

    Defendant filed a notice of removal from state court on November 28, 2007. Doc. 1.  An Order was entered on December 3, 2007, finding removal timely under 28 U.S.C. § 1446(b) and appropriately filed under 28 U.S.C. § 1441(b).  Doc. 4.  The copy of the order sent to the *pro se* Plaintiff was returned to the Clerk of this Court with a hand-written notation, "Return to Sender."  Doc. 5.  The envelope also contained a printed postal stamp stating: "Return to Sender; Attempted - Not Known - Unable to Forward."  *Id.*  The address used for Plaintiff was verified as the same address provided on Defendant's certificate of service and is the same address Plaintiff used on the initial petition, initiated in County Court for the Second Judicial Circuit, Leon County, Florida.

    On December 12, 2007, Defendant filed a motion to dismiss.  Doc. 6.  On December 13th, an Order to Show Cause was entered, advising Plaintiff of her

obligation to keep all parties and the Court informed of her current address. Doc. 7. The order also advised Plaintiff to file a response to Defendant's motion to dismiss on or before January 2, 2008. *Id.* Finally, Plaintiff was ordered to "show good cause why this case should not be dismissed for Plaintiff's failure to prosecute." *Id.* Also, in "a separate document, Plaintiff shall show good cause as to why the motion to dismiss, doc. 6, should not be granted." *Id.* Plaintiff was specifically advised that pursuant to the local rules of this Court, "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(C)(1). *Id.*

Not only has Plaintiff failed to respond to the motion to dismiss or the show cause order, Plaintiff has refused the mail from this Court. Doc. 9. On the envelope returned to the Court is a hand-written note: "Return to Sender." Doc. 9. There is also a label which has been placed on the envelope, signed by Plaintiff, which says: "acceptance denied for cause without dishonor to you or recourse to me for failure on your part to state a claim upon which relief can be granted." *Id.* While the second half of that label is frivolous, the first half is important. Plaintiff has, for the second time in this case, refused mail from the Court. It is obvious that Plaintiff has no intention of participating in this litigation and has abandoned this case. Furthermore, the deadline for responding to the motion to dismiss and show cause order has passed.

Just four days after I entered the Order to Show Cause, doc. 7, Defendant filed a "motion to prohibit further proceedings in state court and incorporated memorandum of law." Doc. 8. The motion advises that when the notice of removal was filed in this Court, counsel for Defendant simultaneously filed a notice in state court advising that a notice of removal had been filed in this Court. *Id.* Defendant attached a copy of the

notice that was filed in state court to the motion.  Doc. 8, exhibit A (doc. 8-2, p. 2).[1]  On December 14th, after having received the order issued from this Court on December 3rd finding removal timely and appropriate, counsel for Defendant "received a Notice issued by Bob Inzer, Leon County Clerk of Court, on December 12, 2007, giving notice that a hearing has been scheduled at the Leon County Court for January 23, 2008, at 11:00 a.m. . . . ."  *Id.*, at 2; *see also* Exhibit B (doc. 8-2, p. 19).  The notice of the hearing states the "following matter will be heard by the County Judge" and lists the "Event" as: "Notice of Removal of Civil Action."  Exhibit B (doc. 8-2, p. 19).  Defendant's counsel, thus, advises that "matters have continued to proceed at the Leon County Court, despite the entry of this court's order accepting jurisdiction."  *Id.;* see also Exhibit C (doc. 8-2, p. 21).

The motion further advised that counsel received a facsimile from Plaintiff which purports to be a notice filed with the clerk of court for state court.  Doc. 8, p. 2; exhibit D (doc. 8-2, pp. 23-24).  This notice essentially asserts Plaintiff's objection to this Court's jurisdiction, but the notice also acknowledges receipt of the Defendant's motion to dismiss.  Exhibit D (doc. 8-2, pp. 23-24).  Plaintiff did not, however, file any notice or objection with this Court.  Furthermore, although Plaintiff's notice is dated December 15, 2007, the copy of the state court docket which was printed on December 17th does not reveal that the notice was filed in state court.  Doc. 8, p. 2; *cf.* exhibit C (doc. 8-2, p. 21) and exhibit D (doc. 8-2, p. 24).

---

[1] Hereafter, all references to exhibits are to those attached to document 8, unless otherwise noted.  References are to the paper copy and page number, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket.  Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

Plaintiff has now waived all objections to removal by failing to accept mail from this Court and by her failure to file any response. Ignoring this Court's jurisdiction and orders issued in this matter will not make the orders null and void. While Plaintiff may ignore mail from this Court, the rulings have meaning. Jurisdiction was properly acquired in this case in November, 2007, and the state court lost jurisdiction at that time.

As correctly noted by Defendant, pursuant to 28 U.S.C. § 1446(d), promptly after filing the notice of removal, the Defendant is to give "written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Defendant complied with that requirement and the notice of removal was filed in the state court case on November 28, 2007. Exhibit C (doc. 8-2, p. 21). Thus, pursuant to federal law, the state court's jurisdiction ended when this Court acquired jurisdiction.

The question that remains is whether this Court has authority to enjoin the state court proceeding. The Anti-Injunction Act, 28 U.S.C. § 2283:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Act "prohibits federal courts from enjoining proceedings in state courts unless the injunction falls within one of three exceptions." Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc., 77 F.3d 1063, 1068 (9th Cir. 1996), *citing* Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398

U.S. 281, 286-87, 90 S.Ct. 1739, 1742-43, 26 L.Ed.2d 234 (1970).  More clearly, the injunction must fall "within one of the exceptions specifically set forth in the statute." Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977), *cited in* Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1254 (11th Cir. 1988).

As no judgment has yet been entered in this case, an injunction is not needed "to protect or effectuate its judgments."  28 U.S.C. § 2283.  However, an injunction against a state court *could* be necessary to aid this Court's jurisdiction over the case pending here.  In Maseda v. Honda Motor Co., Ltd., *supra*,[2] the Eleventh Circuit noted that

> . . . in 1949, Congress amended the anti-injunction statute by adding the phrase "in aid of its jurisdiction."  The purpose of this amendment was "to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts."

861 F.2d at 1254, *quoting* Revisor's Note to 1948 Revision of Anti-Injunction Act, 28 U.S.C. § 2283, p. 377.  The court noted that the exception "was necessary for the

---

[2] Procedurally in that case, plaintiffs filed a product liability suit in state court against Honda Motor Company and Packer Corporation, and Packer asserted a cross-claim against Honda.  Eventually, plaintiffs voluntarily dismissed their claims against Packer, "which enabled Honda and the remaining defendants to remove the case to federal district court on the basis of diversity jurisdiction . . . " Maseda, 861 F.2d at 1251.

> The parties settled just prior to trial and the plaintiffs claims were dismissed with prejudice.  On July 24, 1987, Packer filed a motion in federal district court to assess attorney's fees.  On August 14, 1987, Packer filed the same motion in state court.  On September, 2, 1987, the district court denied Packer's motion for attorney's fees reasoning that assessing attorney's fees required a final judgment of liability against Honda.  On October 27, 1987, the state trial judge held a hearing on Packer's motion.  Despite Honda's argument that the prior federal court ruling on the motion constituted res judicata, the state court judge granted $72,000 in attorney's fees to Packer.

861 F.2d at 1251.

removal statutes to be given their intended scope because § 1446(e) expressly provides that upon removal 'the State court shall proceed no further unless and until the case is remanded.' " 28 U.S.C. § 1446(e), *quoted in* 861 F.2d at 1254.  "Hence, after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case." *Id.*, *citing* Steamship Co. v. Tugman, 106 U.S. 118, 122, 1 S.Ct. 58, 60, 27 L.Ed. 87 (1882).  "Any subsequent proceedings in state court on the case are void *ab initio*."  Steamship Co., 106 U.S. at 122, 1 S.Ct. at 60, *cited in* 861 F.2d 1248, 1254 -1255.  Thus, the Eleventh Circuit concluded that federal courts have the power "to enjoin state courts from proceeding in a removed case." Maseda, 861 F.2d at 1255, citing Adair Pipeline Co. v. Pipeliners Local Union No. 798, 325 F.2d 206 (5th Cir. 1963); E.D. Systems Corp. v. Southwestern Bell Telephone Co., 674 F.2d at 458 (5th Cir. 1982); Hyde Park Partners, L.P. v. Connolly, 839 F.2d 837, 842 (1st Cir. 1988); Bean v. Clark, 226 Miss. 892, 85 So.2d 588 (1956).[3]  Unless a case is remanded back to state court, "the state court ha[s] a duty not to proceed in the case and any

---

[3] It is noted that other courts have considered the first exception of the Anti-Injunction Act as the basis for a district court's authority to enjoin a state court after removal.  The reason proceeds as follows: the statute which governs removal proceedings does contain language providing that when a notice of removal is filed in state court, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  "This language has been considered express authorization to stay state court proceedings; therefore, injunctions to stay state proceedings in removed cases come within the first exception to the Anti-Injunction Act." Kansas Public Employees Retirement System, 77 F.3d at 1069, *citing* Mitchum v. Foster, 407 U.S. 225, 234 & n.12, 92 S.Ct. 2151, 2157-58 & n. 12, 32 L.Ed.2d 705 (1972).  However, by and large this exception arises when a state court case is *filed* after removal and, generally, in "an attempt to subvert the removal."  Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir. 1975); Lou v. Belzberg, 834 F.2d 730 (9th Cir. 1987), *cert. denied*, 485 U.S. 993 (1988); Kansas Public Employees Retirement System, 77 F.3d at 1069.  As will be noted *infra*, there is no need to decide which exception provides authority.

Case No. 4:07cv504-RH/WCS

subsequent proceedings in state court [are] without legal effect."  Maseda, 861 F.2d at 1256, *citing* Steamship Co., 106 U.S. at 122, 1 S.Ct. at 60; Hyde Park Partners, L.P. v. Connolly, 839 F.2d 837, 842 (1st Cir. 1988).

Although there are occasions when a federal court *may* enjoin a proceeding pending in a state court, it is not always *necessary* to do so.  See Mitchum v. Foster, 407 U.S. 225, 237, 92 S.Ct. 2151, 2159 (1972).  The federal statute which governs removal proceedings contains language providing that when a notice of removal is filed in state court, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the principle that a preliminary injunction is an extraordinary and drastic remedy.  United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983), *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).  It does not appear that an injunction is necessary in this situation and that this Court should take the "extraordinary and drastic" step of enjoining a state court.  The matter appears to be capable of speedy resolution before the state court as this Court acquired jurisdiction over this action since November, 2007, and has been proceeding as well as possible considering the absence of a plaintiff.  The state courts of Florida will undoubtedly comply with federal law and, indeed, prior experience confirms that presumption.

Plaintiff has refused to appear before this Court and has refused mail from this Court.  In failing to accept mail, Plaintiff has refused the admonition to respond to

Case No. 4:07cv504-RH/WCS

Defendant's motion to dismiss, doc. 6, and to this Court's Order to Show Cause, doc. 7. There is no need to proceed with a case which has been abandoned by the Plaintiff. Accordingly, this case should be dismissed, Defendant's motion to dismiss should be granted, and judgment entered in favor of Defendant on all claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 6, be **GRANTED** and that judgment be **ENTERED** in favor all Defendant on all claims brought by Plaintiff, but that the motion to prohibit further proceedings in state court, doc. 8, be **DENIED** as it does not appear that the drastic remedy of an injunction is necessary.

**IN CHAMBERS** at Tallahassee, Florida, on January 11, 2008.


　　　　　　　　　　　　　　　 s/     William C. Sherrill, Jr.
　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 10 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**