**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

SUZIE GAY GRONDAHL-MASCARI,

       Plaintiff,

v.                                           CASE NO.  4:07cv504-RH/WCS

AKERMAN SENTERFITT,

       Defendant.

_____/

**<u>ORDER OF DISMISSAL</u>**

       This matter is before the court on the magistrate judge's report and recommendation (document 10), to which no objections have been filed.

       The report and recommendation concludes correctly that plaintiff's willful rejection of mail from the court and refusal to participate in the litigation are sufficient to support dismissal.  In addition, plaintiff's complaint fails to state a claim on which relief may be granted.  Defendant's motion to dismiss is well founded on the merits, even under the liberal standards governing the sufficiency of complaints.  *See generally Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct.

1955, 167 L. Ed. 2d. 929 (2007).  Pro se litigants are held to less stringent standards than attorneys, but this does not mean they may avoid dismissal of obviously unfounded claims.  This action will be dismissed with prejudice.

The report and recommendation also addresses the need for an injunction against further proceedings in the state court from which this action was removed. Plaintiff apparently is pursuing this case there, even though the state court plainly has no jurisdiction to proceed.  The report and recommendation correctly notes, however, that the state court is well able to apply the law.  It is inconceivable that the state court would go forward with any hearing in this case (except perhaps for long enough to determine that the action was indeed removed to federal court). Defendant may renew its motion for an injunction if needed—labeling the motion an emergency—and any necessary injunction will be entered (at least against the plaintiff herself).

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED and adopted as the further opinion of the court.

2.  Defendant's motion to dismiss (document 6) is GRANTED.

3.  The clerk shall enter judgment stating, "This action is dismissed with

prejudice."  The clerk shall close the file..

      4.  Defendant's motion to prohibit further proceedings in state court

(document 8) is DENIED without prejudice.  Jurisdiction is retained to enter any

injunction or other relief necessary to effectuate the judgment that will be entered

pursuant to this order.

      SO ORDERED this 19th day of February, 2008.

                            s/Robert L. Hinkle
                            Chief United States District Judge